DANIEL W. FESSENDEN *vs.* EPHRAIM WILLEY & others.

A certificate of discharge under the insolvent laws of this commonwealth is no bar to an action upon a promissory note given in this commonwealth, payable at no particular place, but indorsed to a citizen of another state before the commencement of the proceedings in insolvency, although not indorsed until after it became due.

CONTRACT by a citizen of Maine upon three promissory notes signed by the defendants, who lived in this commonwealth, payable to the order of Covell, Steele & Co., and by them indorsed. The first was dated Boston, October 1, 1853, and payable in sixty days; the second was dated Boston, October 8, 1853, and payable in six months; and the third was dated Boston, October 15, 1853, and payable in sixty days. The firm of Covell, Steele & Co. consisted of four partners, of whom Covell lived

in Maine, and the others in Massachusetts, their place of business being in Maine. On the 1st of January 1854 Covell, Steele & Co. sold and delivered the notes to W. P. Greenough, the first one only having been indorsed by them, and in April 1856 Greenough sold them to the plaintiff, and indorsed the other two with the name of Covell, Steele & Co., he having authority to do so. In June 1856 proceedings in insolvency were instituted by the defendants, and in January 1857 they received their discharge. Upon these facts, which were agreed, *Putnam,* J. rendered judgment in the superior court for the plaintiff, and the defendants appealed.

*J. F. Pickering,* for the defendants.

*A. G. Burke,* for the plaintiff.

DEWEY, J. Had these promissory notes been made payable to the order of Hiram Covell alone, he being a citizen of Maine, we suppose no question could have been made as to the right of the plaintiff to recover in this action, notwithstanding the proceedings in insolvency and the discharge granted to the defendants. It would have been the familiar case of a contract to pay money to a citizen of another state, and which has been so often held not to be affected by a discharge of the debtor under the insolvent law of Massachusetts. *Savoye* v. *Marsh,* 10 Met. 594. *Dinsmore* v. *Bradley,* 5 Gray, 487.

These notes were not made payable at any particular place, and were therefore, in contemplation of law, payable to the holder at his place of residence. We do not think that the omission by Covell, Steele & Co. to make a formal indorsement of the last two of the notes to Greenough, at the time of the sale and delivery to him, varies the case; because the subsequent indorsement, if made in pursuance of authority to that effect given at the time of the sale, would confer the same rights upon the holder as if the same had been made previously. *Ranger* v. *Cary,* 1 Met. 377.

With regard to the other note, we perceive nothing to distinguish it from the well settled cases of a note payable to order and indorsed to a citizen of another state, to whom it then becomes payable, and is thereby protected from the effect of a

subsequent discharge of the maker under the insolvent laws of Massachusetts. The difference between the third note and the others arises from the fact that the latter did not become the property of W. P. Greenough until after they had become due and payable. One of them was however indorsed by the payees, before due, though not sold to Greenough until thirty days after it became due, and the other was not indorsed or sold until it was overdue fifteen days.

We are not aware that these facts affect the character of these notes, as to their being exempted from the effect of a discharge under the insolvent laws of this commonwealth. The cases that have arisen have usually been those of notes transferred to a citizen of another state before due. But we do not perceive any sufficient ground for taking a distinction in the present case on that account. The period elapsing was at most thirty days only. It is true that this would let in all equitable defences of payment, set-off and the like, founded upon facts taking place before the transfer. But the present defence is not of that character. *Ilsley* v. *Merriam*, 7 Cush. 242. These notes were made payable to order, and of course transferable after. due, as well as before; and if not paid, and no equitable defence exists in respect to them, may be enforced in the name and for the benefit of an indorsee. There is nothing in the case to show that this transfer was made to Greenough to avoid the effect of an anticipated discharge of the maker under the insolvent law. But the contrary may reasonably be inferred from the fact that the transfer to Greenough was on the 1st of January 1854, and the defendants did not become the subjects of proceedings in insolvency until June 1856, a period of more than two years subsequent to the transfer.

These notes having been thus in the hands of Greenough from the 1st of January 1854, were in April 1856 transferred to the plaintiff, who succeeded to the rights of Greenough. This transfer to the plaintiff was also previous to the institu‹ tion of proceedings in insolvency by the defendants.

Upon these facts, we are of opinion that it must be held that these notes constitute a contract with a citizen of another state,

creating a debt due to him, and one not to be affected by the discharge of the defendants under the insolvent laws of Massachusetts.

2. A further ground relied upon by the plaintiff is that this discharge would furnish no defence, even if Covell, Steele & Co. were the plaintiffs in this action; because Covell, one of the members of that firm, was then, and has ever since been, a resident and citizen of the State of Maine, and, under our decisions, a note given to a citizen of Maine would not be affected by a discharge of the maker in insolvency in this state. The case is complicated by the fact that the other parties are citizens of Massachusetts. But to give effect to the discharge we should, in that case, directly affect a contract to which a citizen of Maine is a party, being one of several persons jointly interested. The inquiry would be whether in such case the maker of the note would have a right to set up the discharge, when it might thus affect a citizen of another state. As we think this defence of a discharge is sufficiently answered by the other view we have taken of the case, it is unnecessary to express any opinion upon this second point. *Judgment for the plaintiff.*

---

* A similar decision was made in Worcester, October term 1861, in the case of JOSIAH EATON *vs.* WARREN SWEETSER, which was an action upon a promissory note given by the defendant in this commonwealth, and payable to a citizen of this commonwealth, or order, in four years from date, no place of payment being specified, and indorsed before maturity to the plaintiff, who was a citizen of the State of New York; and it was held by the court that the action was not barred by a certificate of discharge in insolvency of the maker.

*E. B. Stoddard*, for the defendant.

*A. Dadmun*, for the plaintiff, was not called upon.